## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**SHIRLEY SMITH, on behalf of and**　　　　　　**CASE NO. 4:07cv66-SPM/WCS**
**as parent and natural guardian**
**of RODDERRIC SMITH,**

　　　　**Plaintiff,**

vs.

**CITY OF GRETNA, GRETNA POLICE**
**DEPARTMENT, and RICKY L. REED,**
**individually,**

　　　　**Defendants.**
_____/

## AMENDED COMPLAINT (Corrected)

_____Plaintiff, SHIRLEY SMITH, on behalf of and as the parent and natural guardian of

RODDERRIC SMITH (Plaintiff), hereby sues Defendants, CITY OF GRETNA, GRETNA POLICE

DEPARTMENT (GPD), and RICKY L. REED, individually, and alleges:

　　　　1.　　　　This is an action brought under the common law of the state of Florida and 42 U.S.C.

§1983.  This action was removed to this Court by Defendants.

　　　　2.　　　　This is an action involving claims which are, individually, in excess of Fifteen

Thousand Dollars ($15,000.00), exclusive of costs and interest.

　　　　3.　　　　At all times pertinent hereto, Plaintiff Shirley Smith has been a resident of Gadsden

County, Florida, and is the parent and natural guardian of Rodderric Smith.  She is thus *sui juris*.

　　　　4.　　　　At all times mentioned, Defendant City of Gretna/Gretna Police Department (GPD)

has been organized and existing under the laws of the State of Florida, and was the employer of

Ricky L. Reed.  This Defendant is *sui juris*.

5.      At all times pertinent hereto, the individually named Defendant was a resident of the State of Florida and was employed by Defendant GPD in Leon County, Florida.  He is thus *sui juris*.

## STATEMENT OF THE ULTIMATE FACTS

6.      On July 27, 2005, Plaintiff Rodderric Smith was socializing with acquaintances in a public area in the City of Gretna when he was approached by Defendant Reed, who was on duty at the time and was traveling in his assigned patrol car.  Plaintiff was talking to his acquaintances at the time, was not acting in an unusual or suspicious manner, and was not engaged in unlawful activity.  Defendant Reed approached Plaintiff and the others present and began harassing them, ordering Plaintiff and others to move from where they were standing, with no apparent legitimate purpose.  Plaintiff and the others were not interfering with any other persons and, upon information and belief, had not been the subject of any complaints or reports prior to the onset of Defendant Reed's harassment.

7.      Plaintiff and a friend, Quinton Faison, then left the area on their bicycles where Reed was still talking to others in the vicinity.   Reed, however, followed Plaintiff and Faison in his patrol vehicle.  When he reached Plaintiff and Faison, he exited his vehicle and told Faison to put his hands on the patrol vehicle.  Another officer who was with Reed then directed his attention to Faison and Reed focused on Plaintiff.

8.      Reed then told Plaintiff to place his hands on the patrol vehicle and as Plaintiff was attempting to comply, unprovoked and without any resistance from Plaintiff, Reed grabbed him and unexpectedly slammed Plaintiff's chest onto the patrol car hood.  Reed then handcuffed Plaintiff, using plainly excessive force, resulting in great chest and wrist pain.  Plaintiff asked Reed at least twice what he had "done wrong" but Reed never replied.

2

9.     Plaintiff then asked Reed why he was "being assaulted".  At that point, after Plaintiff

had been placed in handcuffs, Reed began choking Plaintiff's in a strangulation fashion using both

hands which lasted for approximately ten (10) seconds with such force that Plaintiff's air supply was

cut off and Plaintiff was unable to breathe.  Plaintiff suffered severe bruising around the neck and

upper back as a result of Reed's actions in strangling Plaintiff.  Apart from the bruising from Reed's

violent assault on Plaintiff, there were multiple abrasions on Plaintiff's neck from Reed's fingernails.

Those abrasions were slow to heal and left scarring and discoloration marks, visible long after the

incident.  While Reed was applying the choke hold, he was also forcefully pushing Plaintiff into the

back seat of his patrol vehicle.

10.     Plaintiff remained handcuffed during his ride with Reed to the GPD and thereafter.

At no time did Reed ever advise Plaintiff of any criminal charges that were to be or were being

brought against him.

11.     When Reed and Plaintiff arrived at the GPD, Plaintiff was again forcefully taken out

of Reed's patrol vehicle by Reed grabbing Plaintiff's left arm and pulling him out of the vehicle.

After Plaintiff was taken out of the vehicle, Plaintiff again asked Reed why he was being arrested

and Reed still refused to respond.

12.     Reed then grabbed Plaintiff's left arm and led him inside the Police Department.

Once inside, without provocation or reason, Reed threw Plaintiff against a desk injuring his back.

Plaintiff was defenseless as he remained handcuffed.  Reed then forced Plaintiff into a chair and told

him to "be quiet" or he was going to "spray" him.

13.     While Plaintiff was still handcuffed, after Plaintiff again asked Reed why he was

being arrested, Reed continued the outrageous attack on Plaintiff by spraying him in the face with

3

a chemical agent, partially blinding Plaintiff and causing him to choke and gasp for air.  Because of

Reed's use of chemical agents, the agency responsible for accepting custody of Plaintiff refused to

do so until Plaintiff had medical clearance.

14.    Plaintiff was without any defense mechanism at that time nor was he able to clean the

spray because he remained handcuffed.  A bystander then asked another officer if she could escort

Plaintiff to the restroom to clean his eyes of the Mace or Pepper Spray.

15.    In addition to the physical injuries sustained, Plaintiff has, since the incident, been

plagued by psychological problems and stress, including but not limited to nightmares during sleep

which relive the incident, particularly Reed's actions in strangling Plaintiff while he was handcuffed

and could not protect himself, and including Reed's use of chemical agents to further impair

Plaintiff's respiratory functions after being manually choked.  Additionally, Plaintiff has anxiety

attacks and becomes very nervous anytime he finds himself in the proximity of uniformed law

enforcement officers.  This incident has caused a deep seeded distrust of law enforcement officers

and others in authoritative positions.  Plaintiff continues to suffer physical and psychological injuries

due to the abuses set forth in part above.

## CONDITIONS PRECEDENT

16.    All conditions precedent, including but not limited to notices of intent to initiate

litigation, have occurred.  Written notices of claims under Chapter 768, Florida Statutes was sent to

the appropriate parties and this action is timely filed thereafter.

## COUNT I

## BATTERY- AGAINST GPD

17.    Paragraphs 1 through 16 are hereby realleged and incorporated herein by reference.

4

18.     This is an action against Defendant GPD for battery. Count I is pled in the alternative.

19.     Plaintiff is entitled to relief against Defendant in that on July 27, 2005, Defendant, through its agents and employees while acting within the scope of their employment with Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in that GPD's agents and employees battered him, choked him, pepper sprayed him, and caused Plaintiff to sustain serious injuries.  Defendant,  through its agents and employees, intended to hit, push and otherwise batter the Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Defendant without any justification and in the absence of probable cause to arrest Plaintiff. Defendant intended to cause harm to Plaintiff or there was substantial certainty that harm would occur to Plaintiff.

20.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

## COUNT II

## BATTERY- AGAINST DEFENDANT REED

21.     Paragraphs 1 through 16 are hereby realleged and incorporated herein by reference.

22.     This is an action against Defendant Reed for battery. Count II is pled in the alternative.  For the purpose of this Count alone, the individually named Defendant was acting outside the course and scope of his duties and employment with Defendant GPD.

5

23.     The Plaintiff is entitled to relief against Defendant Reed in that on July 27, 2005, and without justification or the Plaintiff's consent, Reed touched Plaintiff's person in an offensive and harmful manner, in that they battered him, choked him, sprayed a chemical agent in his face and eyes and caused him to be injured. Defendant Reed, as more fully set forth above, intended to hit, push and otherwise batter Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Reed without any justification and in the absence of probable cause or any authority of law. Reed intended to cause harm to Plaintiff where was substantial certainty that harm would occur to him.  Reed acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

24.     As a direct and proximate cause of Reed's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

### COUNT III- FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS
### (REED ONLY)

25.     Plaintiff re-alleges paragraphs 1-16 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

26.     Defendant Reed committed battery against Plaintiff as described more fully above, without consent or lawful authority.  Reed intended to cause this harmful and offensive contact with Plaintiff in that his harmful acts were deliberate and substantially certain to result in harm and offense.

6

27.     Reed operated to violate Plaintiff's right not to be subjected to the excessive use of force under the Fourth and Fourteenth Amendments to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

28.     Reed further operated to violate Plaintiff's civil rights as protected by the Civil Rights Act, 42 U.S.C. §1983. This Count is pled in the alternative and for the purposes of this count alone, the individually named Defendant was acting outside the course and scope of his employment with Defendant GPD. The individually named Defendant to which this claim applies is a person under applicable law. This individually named Defendant is liable to Plaintiff for his conduct in violating the civil rights of Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution as the excessive use of force by Defendant Reed occurred during the stop/arrest of Rodderrick Smith and again after he was detained and taken to the GPD.

29.     Defendant Reed exceeded the level of force necessary to enforce compliance with lawful commands and acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

30.     Defendant Reed is a person under applicable law.

31.     Reed misused his power, possessed by virtue of state law and made possible only because he was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

32.     The foregoing actions of Defendant Reed was willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of probable cause. The extreme and repetitive physical abuse by law enforcement

officers of this State is not part of the penalty that citizens have to pay prior to, during and/or after being charged with an offense against society and constitutes a cognizable claim of the excessive use of force in violation of the Fourth Amendment and Due Process Clause of the Fourteenth Amendment.  Reed knew or should have known that the amount of force used even if he were effectuating the valid arrest of Plaintiff was excessive given the circumstances present and the clearly established law on use of force.

33.    Based upon the facts presented to Defendant Reed and the applicable law, no reasonable law enforcement officer could have concluded that there existed any reasonable cause to batter, abuse, and torture Plaintiff.  The law was well settled and clearly established that the actions of Defendant Reed constituted the excessive use of force under the Fourth and Fourteenth Amendments to the United States Constitution at the time the actions by Defendant Reed were committed.

34.    The actions or inactions of Defendant Reed as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff  when he knew of and disregarded a risk to Plaintiff's health and safety and thus his actions or inactions constituted the excessive use of force in violation of the Fourth Amendment to the United States Constitution. Reed also maliciously and sadistically inflicted unnecessary and wanton pain and suffering upon Smith as a detainee after he was taken to the GPD which constituted the excessive use of force in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

35.    Reed also failed to take reasonable steps to ensure Plaintiff's safety when he knew or should have known a sufficiently serious danger to Plaintiff  existed because of his actions

8

towards Plaintiff which constituted deliberate indifference, and the excessive use of force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

36.     The failure of Defendant Reed to take any reasonable steps to ensure Plaintiff's health and safety when he knew of serious bodily harm and damage to Plaintiff's mental and physical health he inflicted upon him constituted the excessive use of force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

37.     Reed was acting under color of state law at all times pertinent hereto.  The brutal physical assaults and battery of Plaintiff violated the Fourth and Fourteenth Amendments proscription against the excessive use of force.  The individually named Defendant to which this claim applies misused his power, possessed by virtue of state law and made possible only because this Defendant was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. § 1983.

38.     The foregoing actions of Defendant Reed were willful, wanton and in reckless disregard of Plaintiff's rights.

39.     As a direct and proximate cause of Defendant Reed's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future..

40.     Based on the willful and malicious conduct of Defendant Reed, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant Reed.

9

41.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

### COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.     Plaintiff re-alleges paragraphs 1-16 above and incorporates those allegations in this Count.  This Count is pled in the alternative.  For the purposes of this Count alone, Defendant Reed was acting outside the course and scope of his employment with Defendant GPD.

43.     This is an action against Defendant Reed for the conduct described herein, including the victimization of Plaintiff, a person in this Defendant's charge, the threats against the Plaintiff at the time of the beatings and the horrific abuse of a helpless person within Defendant Reed's control, constitutes outrageous conduct that would shock the conscience of a reasonable person, and constitutes the actionable tort of intentional infliction of emotional distress.

44.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff  sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendant Reed's actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

### COUNT V-NEGLIGENT SUPERVISION AND TRAINING

45.     Plaintiff re-alleges paragraphs 1-16 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

46.     This is an action against Defendant GPD for negligent supervision and training.

47.     Defendant GPD breached its duty to supervise the individually named Defendant Reed to prevent and to stop his actions constituting violations of Plaintiff's rights under Florida and federal law.  Defendant GPD knew or should have known of the actions, omissions, and derelictions of the individually named Defendant and/or of its failure to properly train its officers in the need for probable cause prior to the arrest of a citizen, and in the use of force .

48.     Defendant GPD breached its duty to supervise and train the individually named Defendant.

49.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendant's actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

## COUNT VI- NEGLIGENT ENFORCEMENT OF POLICIES

50.     Plaintiff re-alleges paragraphs 1-16 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

51.     This is an action against Defendant GPD.  Defendant GPD has a duty to enforce existing policies and procedures to protect Plaintiff from the injuries caused by the individually named Defendant.  This duty arises from the fact that Plaintiff was detained by that officer and in custody at the time of the injuries alleged herein.  This duty arose because of the special relationship between Defendant GPD and Plaintiff and/or because the injuries were within a foreseeable zone of risk created when Plaintiff was stopped and detained by the individually

11

named Defendant.  Once Plaintiff was restrained of his liberty, he was in the foreseeable zone of risk and a duty of care arose.  Alternative, because of the nature of the restraint and the subsequent custodial relationship between Plaintiff and the Defendant GPD, Defendant had a special relationship with Plaintiff and, consequently, a duty to enforce existing policies and procedures to prevent the types of injuries to Plaintiff herein.

52.     Defendant GPD breached its duty to properly enforce such policies and procedures pertaining to the acts committed by Defendant against Plaintiff that were in place at the times material hereto.

53.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendant's actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

**COUNT VII**

**FALSE IMPRISONMENT/ FALSE ARREST- CITY OF GRETNA**

54.     Paragraphs 1 through 16 are hereby realleged and incorporated herein by reference.

55.     This is an action against Defendant GPD for false imprisonment/ false arrest.

56.     The Plaintiff is entitled to relief against Defendant GPD in that on or around July 27, 2005, Defendant, through its agent and employee, Ricky Reed, intentionally and unlawfully arrested and restrained Plaintiff against his will; deprived Plaintiff of his liberty without any reasonable cause; and maintained such complete restraint and deprivation for a period of time.

The actions by Ricky Reed were committed within the course and scope of his employment with Defendant.

57.     This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined, specifically, the location where Plaintiff was battered and choked, and later then gassed, and by compelling the Plaintiff to go where the Plaintiff did not wish to go, specifically, the JARC.

58.     Plaintiff was further restrained by Defendant, through Reed's use of coercive words and threats of force as well as actual force, and immediate means of coercion against Plaintiff, so that the Plaintiff was restrained and deprived of liberty.

59.     At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his place of confinement.

60.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT VIII

## FALSE IMPRISONMENT/ FALSE ARREST- REED

61.     Paragraphs 1 through 16 are hereby realleged and incorporated herein by reference.

62.     This is an action against Defendant Reed for false imprisonment/ false arrest. It is pled in the alternative.

63.     The Plaintiff is entitled to relief against Defendant Reed in that on or around July 27, 2005, this Defendant intentionally and unlawfully arrested and restrained Plaintiff against his will; deprived Plaintiff of his liberty without any reasonable cause or color of authority; and maintained such complete restraint and deprivation for a period of time.

64.     This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined, specifically, the street on which Plaintiff was first detained, and Reed's police vehicle, and by compelling the Plaintiff to go where the Plaintiff did not wish to go, specifically, the JARC.

65.     Plaintiff was further restrained by Reed's use of coercive words and threats of force as  well as actual force, and immediate means of coercion against Plaintiff, so that the Plaintiff was restrained and deprived of liberty.

66.     At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his place of confinement. Reed acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

67.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost

employment opportunities, lost wages, and the loss of other emoluments.  These damages have

occurred at present, in the past and will most likely occur in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendants under the

applicable counts set forth above, mandating Defendants' obedience to the laws enumerated

herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendants and for Plaintiff awarding damages to

Plaintiff from Defendant for Defendants' violations of law enumerated herein;

(d)     enter judgment against Defendants and for Plaintiff permanently enjoining

Defendant from future violations of the state and federal laws enumerated herein;

(e)     enter judgment against Defendants and for Plaintiff awarding Plaintiff

attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the

circumstances

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
**MARIE A. MATTOX, P. A.**
310 East Bradford Road
Tallahassee, FL   32303
Telephone:   (850) 383-4800
Facsimile:    (850) 383-4801

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF to the attorneys identified below this 10th day of April, 2007:

William G. Warner
THE WARNER LAW FIRM, P. A.
Post Office Box 1820
Panama City, FL 32401

Michael J. Roper
BELL & ROPER, P. A.
Post Office Box 3669
Orlando, FL 32802-3669


/s/ Marie A. Mattox
Marie A. Mattox