## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**SHIRLEY SMITH, on behalf of and**   **CASE NO. 4:07cv66-SPM/WCS**
**as parent and natural guardian**
**of RODERRIC SMITH,**

   **Plaintiff,**

**vs.**

**CITY OF GRETNA, GRETNA POLICE**
**DEPARTMENT, and RICKY L. REED,**
**individually,**

   **Defendants.**
_____/

## REPORT OF PARTIES' PLANNING MEETING (FORM 35) AND
## ADDITIONAL MATTERS REQUIRED BY INITIAL SCHEDULING ORDER

   In accordance with the Initial Scheduling Order of the Court, the parties provide the

following information:

   1.   Pursuant to Fed.R.Civ.P. 26(f), the parties conferred through their counsel

identified as follows:

     Marie A. Mattox, Counsel for  Plaintiff

     William G. Warner and Michael J. Roper, Counsel for Defendants

   2.   **Pre-Discovery Disclosures**.  The parties will exchange the information

required by Fed.R.Civ.P. 26(a)(1) on or before April 30, 2007.

3.     **Discovery Plan**.  The parties jointly propose to the Court the following discovery plan:

      a.     Discovery will be needed on the following subjects: All matters covered in section 5(c) below.

      b.     All discovery commenced in time to be completed by September 1, 2007.

      c.     Interrogatories, requests for admissions and requests for production are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

      d.     There is a limit of twenty (20) depositions permitted by each side.

      e.     Reports from retained experts under Rule 26(a)(2) are due:

from Plaintiff by July 1, 2007.

from Defendant by August 1, 2007.

      f.     Each party is likely to request or produce information from electronic or computer-based media limited to data reasonably available to the parties in the ordinary course of business.  Reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.  Should either party inadvertently produce privileged information, that information shall immediately be returned to producing party.

2

g.  Supplements are due within a reasonable time after discovering the need to supplement.

4.  **Other Items**.

a.  The parties do not request a conference with the Court before entry of the Scheduling Order.

b.  The parties request a Pretrial Conference on or after October 25, 2007.

c.  The parties should be allowed until July 1 2007, to join additional parties and to amend the pleadings.

d.  All potentially dispositive motions should be filed no later than twenty (20) days after the close of discovery.

e.  Settlement may be enhanced by the use of the following alternative dispute resolution procedures: Mediation may be attempted by the parties after the substantial completion of discovery.

f.  Final list of witnesses and exhibits under Rule 26(a)(3) should be due in accordance with the trial scheduling order from this Court.

g.  Parties should have one week after service of final list of witnesses and exhibits to list objections under Rule 26(a)(3).

h.  The case should be ready for trial on or after November 10, 2007, and at this time it is expected to take approximately three (3) days.

5.  **Nature and Basis of Claims and Defenses**.

(a)   Plaintiff filed this action under the common law of the state of Florida and 42 U.S.C. §1983.  Plaintiff claims that her minor son, Rodderic Smith, was the victim of false imprisonment, false arrest, and battery by Defendant Reed by use of excessive force by Defendant Reed.  Plaintiff claims that all Defendants named herein violated her minor son's rights under the Fourth Amendment of the United States Constitution and The Civil Rights Act, 42 U.S.C. §1983.   Plaintiff claims that Defendant Reed, by his actions, intentionally caused Plaintiff's minor son emotional distress.  Plaintiff also claims that Defendant City of Gretna and Gretna Police Department were negligent in their supervision and training of officers and/or in enforcement of policies.  Plaintiff seeks damages, injunctive relief, attorneys fees and costs.

(b)  Defendants defend their actions as follows:  Defendant Reed asserts that at all times material hereto there was probable cause or, alternatively, arguable probable cause, to effect the arrest of the minor Plaintiff Rodderrick Smith, and that Defendant Reed utilized only that degree of force which was reasonable and necessary to effect said arrest. Defendant Reed further asserts that he is entitled to the defense of qualified immunity with respect to the claim asserted in Count III of the Amended Complaint (Fourth Amendment violation) and that he is entitled to absolute immunity from suit for all state law claims asserted, pursuant to §768.28(9), Florida Statutes, since that at all times material hereto he was acting in the course and scope of his employment with the City of Gretna, Florida, and he did not act in bad faith, or with malicious purpose or with willful and wanton disregard to human rights, safety or property.  Finally, Defendant Reed asserts that his conduct was not

so egregious or outrageous as to support a cause of action for intentional infliction of emotional distress under Florida law.

The City of Gretna denies it's liability under those claims asserted against it by the Plaintiff's (Count I- Battery; Count V- Negligent Supervision and Training; Count VI- Negligent Enforcement of Policies; Count VII- False Imprisonment/ False Arrest.) Further, the City asserts the following affirmative defenses to Plaintiff's claims: 1) the Plaintiff has failed to comply with the statutory notice provisions of §768.28, Florida Statutes; 2) to the extent that any of the Plaintiff's claims is construed as a claim against the City arising under Title 42 U.S.C. §1983, any harm described in the complaint did not arise as a result of a custom, policy or practice routinely in effect at the City of Gretna Police Department; therefore, no liability for a constitutional tort arises; 3) Any use of force applied against the Plaintiff was reasonable and privileged under the circumstances and for the purpose of accomplishing lawful objectives; 4) Any use of force applied against Plaintiff was reasonable and privileged and applied in good faith for the purpose of restoring order and not for the purpose of inflicting harm or injury; 5) The City is immune from the imposition of damages in excess of the $100,000 in accordance with the limitations set forth in §768.28(5), Florida Statutes; 6) The City is immune from liability in that any and all actions of its agent were reflective of discretionary policy making activity, and as such are entitled to the benefit of the defense of sovereign immunity; 7) Pursuant to the allegations of the Complaint, the City is immune from suit and liability pursuant to the limitations imposed by §768.28(9)(a) because the action of its agent or employee under the circumstances would reflect

wantonness, willfulness, maliciousness, or would reflect deliberate disregard for the safety of persons, for which the City is immune from liability; 8) According to the allegations of the Complaint, any injuries suffered by the Plaintiff were caused by criminal acts; as such, those criminal acts serve as an intervening, efficient, and superseding cause; 9) According to the Plaintiff's complaint, Defendant Reed was acting outside the course and scope of his employment with the City at the time of the alleged underlying incidents.

     (c)  The principal factual and legal issues in dispute are:

(1)    Whether Plaintiff's minor son was the victim of false imprisonment, false arrest, and battery by Defendants.

(2)    Whether Defendant City and Gretna Police Department were negligent in their supervision and training of officers and/or in enforcement of policies.

(3)    Whether all named Defendants violated Plaintiff's minor son's rights under the Fourth Amendment of the United States Constitution and/or The Civil Rights Act, 42 U.S.C. §1983.

(4)    Whether Defendants' actions against Plaintiff's minor son constituted the intentional infliction of emotional distress.

(5)    Whether Defendants' actions and inactions involving Plaintiff were for legitimate, non-discriminatory reasons.

(6)    All other issues raised in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

(7)    Defendant Reed's entitlement to qualified immunity and/or absolute immunity pursuant to §768.29(9), Florida Statutes.

6.    The parties respectfully request that these timetables and cutoff dates be approved.

Dated this 18th day April, 2007.

Respectfully submitted,


/s/ Marie A. Mattox                          /s/ William G. Warner
Marie A. Mattox [FBN 0739685]        William G. Warner [FBN 346829]
MARIE A. MATTOX, P. A.                  THE WARNER LAW FIRM, P. A.
310 East Bradford Road                     Post Office Box 1820
Tallahassee, Florida 32303                 Panama City, FL 32401
Telephone:  (850) 383-4800              Telephone: (850) 784-7772
Facsimile:   (850) 383-4801              Facsimile:  (850) 784-7756
ATTORNEYS FOR PLAINTIFF          ATTORNEY FOR DEFENDANT


                                             /s/ Michael J. Roper
                                             Michael J. Roper [FBN 0473227]
                                             BELL & ROPER, P. A.
                                             Post Office Box 3669
                                             Orlando, FL 32802-3669
                                             Telephone: (407) 997-5150
                                             Facsimile:  (407) 997-3332
                                             ATTORNEY FOR DEFENDANT